06-5434-pr
Shomo v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

PRESENT:
> WILFRED FEINBERG,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> *Circuit Judges.*

_____

Jose J. Shomo,

> *Plaintiff-Appellant,*

v.                                                                          06-5434-pr

State of New York, Individually and as a U.S. Government Agency, Officers or Employees of the United States Federal Defendant Superior, N.Y.S. Department of Correctional Services, Anthony F. Zon, Superintendent, Wende Correctional Facility, Susan Post, Deputy Superintendent of Health, G. Monahan, Deputy Superintendent of Security, Lt. Walters, Hearing Officer, C.O. Dorris Moody, Correction Officer, C.O. Belle, Correction Officer, Mary Clemons, Chief Physician, Physician Stanley Bukowski, Narcy Czajka, Director of Nursing, C. Holland, Nurse Administrator, J. Veshia, Nurse Administrator, Nurse J. Radder, Nurse Joan Herbert, Nurse Lenard R. Terry, Nurse Robert Stachowski, Nurse C. Ames, Nurse's Aide C. Gammons, Nurse's Aide

Lisa Laudero, Nurse's Aide Ashley McCubbin, C.O. Hodges,
Correction Officer, C.O. Weber, Steve Jinks,
Correction Officer, Correction Officer D. Privette,

*Defendants-Appellees.*

FOR PLAINTIFF-APPELLANT:      Jose J. Shomo, *pro se*, Dannemora, N.Y.

FOR DEFENDANTS-APPELLEES:      Michael A. Battle, U.S. Attorneys Office, Western District of New York, Buffalo, N.Y.

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court is **AFFIRMED**, in part, and **VACATED AND REMANDED**, in part, for reinstatement.

Appellant, *pro se*, appeals from the order of the United States District Court for the Western District of New York (Arcara, *C.J.*), *sua sponte* dismissing Appellant's 42 U.S.C. § 1983 complaint with leave to amend, pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e). We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

We have not specifically set forth a standard of review for a district court's *sua sponte* dismissal of a complaint pursuant to Fed. R. Civ. P. 8 or 10. In *Salahuddin v. Cuomo*, we stated that "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power . . . to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss the complaint." 861 F.2d 40, 42 (2d Cir. 1988). We did not, however, enunciate a standard for reviewing such a dismissal, though we did indicate that "[a]s a general matter . . . the district court has discretion whether or not to grant leave to amend, and its

2

decision is not subject to review on appeal except for abuse of discretion." *Id.* (internal quotation marks omitted). We conclude that, under either an abuse of discretion or *de novo* standard, the district court erred in dismissing Appellant's complaint, even with leave to amend, because many of Appellant's claims, if true, would be actionable under the Eighth Amendment, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. While the district court afforded Appellant the opportunity to amend his complaint, Appellant's complaint was not so deficient as to require its dismissal at such an early stage of litigation.

The jurisprudence involving Rule 8, traced from our decision in *Salahuddin* through the Supreme Court's recent *Iqbal* decision, is difficult to apply to the dismissal of a complaint containing *too much* detail, especially where the complaint is filed by a *pro se* litigant. On the one hand, pleadings "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted), and a court has the power to dismiss a complaint that is "prolix" or has a "surfeit of detail," *Salahuddin*, 861 F.2d at 42-43. On the other hand, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* at 42. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (holding that Rule 8 calls for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Notably, even after *Twombly,* where a litigant is proceeding *pro se*, courts remain "obligated" to construe *pro se* complaints liberally. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, courts should look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (emphasis in original).

Notwithstanding the length and detail of Appellant's complaint, his claims enunciate recognizable unconstitutional behavior. The day-to-day events described by Appellant concern the activities of his daily living: his need to be fed, bathed, and aided with toileting. While citing to numerous federal statutes (a practice not uncommon for *pro se* litigants), Appellant's claims centered around his disability and the alleged deliberate indifference to his serious medical needs. He then amplified these claims, as required under *Twombly* and *Iqbal*, by making specific references to events that he claimed were evidence of such deliberate indifference. Insofar as he cited multiple civil rights statutes, "[t]he failure in a complaint to state a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988).

In fact, while not a model of clarity, Appellant's complaint is neither "unintelligible" nor "a labrynthian prolixity of unrelated and vituperative charges that defied comprehension." *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972). Significantly, we have recognized that it "is not unusual [for] a *pro se* litigant" to present "allegations [that are] not neatly parsed and include[] a great deal of irrelevant detail." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The details in Appellant's complaint are all "related" to his need to be aided in the activities of his daily living.

4

Finally, Appellant's complaint arguably gave the State "fair notice" of his Eighth Amendment, ADA and Rehabilitation Act claims, allowing it to engage in motion practice or prepare for trial by reviewing Appellant's medical history, medical needs, and the care provided to him.

To the extent that the district court's dismissal of Appellant's complaint was based on 28 U.S.C. § 1915(e), we review such a dismissal *de novo*. *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). Under the *in forma pauperis* statute, a federal court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). We conclude that the district court's dismissal on the basis of § 1915(e) was in error, because the district court did not, in fact, review the merits of his claims to determine whether they were frivolous under the relevant civil rights statute, and, in fact, acknowledged that some of the claims had plausible merit.

The district court also erred to the extent that it ordered plaintiff to confine his amended complaint to a certain number of pages and to sue no more than twenty defendants. We have made clear that a district court may not impose pleading requirements on a complaint that exceed the floor set by Rule 8 of the Federal Rules of Civil Procedure, "[f]or then district courts could impose disparate levels of pleading requirements on different sorts of plaintiffs." *Wynder v. McMahon*, 360 F.3d 73, 78 (2d Cir. 2004). "Rule 8(a)'s purpose – to lower the entry barriers for federal plaintiffs and to establish prospectively a rule common to all litigants – would be violated." *Id.* This proposition is equally applicable here, where the district court also sought to impose form requirements beyond the floor set by Rule 10.

Although we hold that the district court abused its discretion in imposing requirements on an amended complaint that go beyond what the civil rules require, "[t]hat is not to say, of course,

5

that all aspects of the complaint will ultimately survive dismissal." *Id.* at 80. "For one thing, there is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted." *Id.* Thus, the district court will remain free to consider whether each claim in any amended complaint states a claim upon which relief can be granted or is otherwise frivolous. We also advise Shomo that although we have held that the district court exceeded its allowable discretion in *dictating* the form of his amended complaint, its general sentiment that his amended complaint be briefer and more focused remains excellent *advice* if he wishes to ensure that any meritorious claims are clear to the court.

Finally, as for the district court's denial of a preliminary injunction, we review a denial of a preliminary injunction for abuse of discretion. *See Forest City Daly Housing, Inc. v. Town of N. Hempstead*, 175 F.3d 144, 149 (2d Cir. 1999). As Appellant's brief indicates he is no longer located at Wende Correctional Facility, we conclude that the district court properly denied the preliminary injunction because Appellant would not be irreparably harmed in the absence of an injunction against the individual Defendants.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part and VACATED in part. The case is REMANDED to the District Court for reinstatement of Appellant's Eighth Amendment, ADA, and Rehabilitation Act claims.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk