18-1559-pr
*Harnage v. Lightner*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2018

No. 18-1559-pr

JAMES A. HARNAGE,
*Plaintiff-Appellant*,

v.

RIKEL LIGHTNER, DR. WU, DR. PILLAI, DR. O'HALLARAN, DR. NAGVI,
P.A. KEVIN MCCHRYSTAL, P.A. ROB, L.P.N. FRANCIS, LISA CALDONERO,
NURSE CAROLINE, NURSE NIKKI, RN HEIDI GREENE, NURSE MARISSA,
NURSE MIYA, NURSE JAMES, DR. DAVID M. GILES, SURGICAL INTERN
SHARI, JANE DOES, 1-5, JOHN DOES, 1-5,

*Defendants-Appellees*.[*]

On Appeal from the United States District Court
for the District of Connecticut

SUBMITTED: JANUARY 28, 2019
DECIDED: FEBRUARY 15, 2019

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Before: CALABRESI, CABRANES, CHIN, *Circuit Judges*.

Plaintiff-Appellant James A. Harnage ("Harnage"), *pro se*, appeals from a May 1, 2018 judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*) dismissing, under 28 U.S.C. § 1915A, his amended complaint for failure to comply with Federal Rules of Civil Procedure 8 and 20. We conclude that the amended complaint substantially complies with Rules 8 and 20. We agree, however, that the complaint fails to state a claim against three defendants. We therefore conclude that dismissal was improper except with respect to those three defendants. Accordingly, we **AFFIRM IN PART** and **VACATE AND REMAND IN PART**.

> James A. Harnage, Suffield, CT, *pro se*, *for Plaintiff-Appellant*.
>
> No appearance, *for Defendants-Appellees*.

PER CURIAM:

Plaintiff-Appellant James A. Harnage ("Harnage"), *pro se*, appeals from a May 1, 2018 judgment of the United States District

Court for the District of Connecticut (Alvin W. Thompson, *Judge*) dismissing, under 28 U.S.C. § 1915A, his amended complaint for failure to comply with Federal Rules of Civil Procedure 8 and 20. We conclude that the amended complaint substantially complies with Rules 8 and 20. We agree, however, that the complaint fails to state a claim against three defendants. We therefore conclude that dismissal was improper except with respect to those three defendants. Accordingly, we **AFFIRM IN PART** and **VACATE AND REMAND IN PART**.

## I.  BACKGROUND

Plaintiff-Appellant James A. Harnage ("Harnage"), *pro se*, appeals the District Court's dismissal of his 42 U.S.C. § 1983 claims against various medical personnel at the University of Connecticut Health Center and the MacDougall-Walker Correctional Institution (where he is currently incarcerated) for failure to adequately treat a health condition. After granting Harnage an opportunity to amend, the District Court *sua sponte* dismissed the amended complaint with prejudice under 28 U.S.C. § 1915A[1] for failure to comply with Rules 8 and 20.

---

[1] Under 28 U.S.C. § 1915A(a), a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, the district court shall dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

## II.    DISCUSSION

### A. Standard of Review

We review *de novo* a district court's dismissal of a complaint under 28 U.S.C. § 1915A.[2] *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). In reviewing such dismissals, we "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). "We must reverse a district court's dismissal pursuant to § 1915A whenever a liberal reading of the complaint gives any indication that a valid claim might be stated." *Id.*

### B.    Rule 8

While we construe *pro se* pleadings liberally, "the basic requirements of Rule 8 apply to self-represented and counseled

---

[2] While it is well-established that dismissal under § 1915A for failure to state a claim is reviewed *de novo*, we have yet to enunciate a standard for reviewing a dismissal under § 1915A for failure to comply with Rules 8 and 20. *See Shomo v. New York*, 374 F. App'x 180, 182 (2d Cir. 2010) (summary order). Just as whether a complaint's allegations state a claim is a question of law, so too is a complaint's adherence to the Federal Rules of Civil Procedure. We therefore review a district court's *sua sponte* dismissal under § 1915A for failure to comply with Rules 8 and 20 *de novo*. Of course, assuming that the district court has correctly concluded that a complaint fails to comply with Rules 8 and 20, its chosen remedy—that is, its decision to dismiss the complaint or otherwise grant leave to amend—is reviewed for abuse of discretion. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("As a general matter . . . the district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion." (internal quotation marks and brackets omitted)).

plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004). Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Salahuddin*, 861 F.2d at 42 (internal citation omitted). But "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.*

Here, the District Court dismissed Harnage's amended complaint for failing to adequately put the defendants on notice of the claims specifically asserted against each of them. The District Court described the allegations set forth in the amended complaint as "general complaints of lack of medical treatment or lack of effective medical treatment" that "fail to include any definite or specific dates on which requests for medical treatment or services or requests to facilitate medical treatment were made, any dates on which a

5

defendant allegedly denied or ignored requests for treatment or services or any dates on which a defendant allegedly responded to a request for treatment, met with the plaintiff in connection with a medical appointment or offered treatment for the plaintiff's conditions." *See Harnage v. Lightner*, No. 3:16cv1576(AWT), Dkt. No. 15 ("Ruling and Order"), at 6.

We conclude that, despite these shortcomings, the amended complaint substantially complies with Rule 8. Liberally construed, the amended complaint identifies discrete defendants and the actions taken by these defendants that purportedly violated Harnage's Eighth Amendment rights. To wit, Harnage repeatedly sought treatment from MacDougall-Walker medical staff members including: Dr. Pillai, Dr. O'Hallaran, Dr. Nagvi, P.A. Kevin McChrystal, P.A. Rob, Lisa Caldonero, Nurse Caroline, Nurse Nikki, Nurse Marissa, Nurse Miya, Nurse James, Janes 1-5, and Johns 1-5. He alleges that he failed to "receive effective or proper medical treatment for his constipation" from these defendants. *See Harnage v. Lightner*, No. 3:16cv1576(AWT), Dkt. No. 11 ("Am. Compl."), ¶¶ 25, 27. These defendants also allegedly failed to provide Harnage with the prescriptions he had been promised, or refills thereof. *Id.* ¶ 28. According to the amended complaint, it was due to these defendants' "deliberate indifference to [his] serious medical needs"—as evidenced by their failure to ever examine Harnage prior to January 2014—that Harnage's condition deteriorated. *Id.* ¶ 29. The amended complaint further alleges that defendant Rikel Lightner repeatedly ignored Harnage's requests to correct the facility's medical deficiencies. *Id.* ¶ 41. Finally, with respect

6

to Lisa Caldonero, L.P.N. Francis, P.A. Rob, RN Heidi Greene, and Jane 1, the amended complaint alleges that these defendants imposed conditions on the plaintiff beyond what was authorized by Administrative Directive 8.9, which in turn made it more difficult for Harnage to file Health Services Reviews in connection with this condition. *Id.* ¶ 44.

In addition, we note that the failure to allege specific dates does not necessarily run afoul of Rule 8, especially where, as here, the plaintiff lacks ready access to his medical records. *See McEachin*, 357 F.3d at 201 ("Our reluctance to dismiss these complaints at such an early stage of the proceedings stems in part from the limited . . . resources available to *pro se* plaintiffs, which may hamper their ability to articulate potentially valid claims . . . .").

In sum, while Harnage's amended complaint may not represent the paradigm of notice pleading, it is not the incomprehensible "labyrinthian prolixity of unrelated and vituperative charges" that Rule 8 was intended to curb. *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972). Because "*sua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims . . . is disfavored by this Court," *McEachin*, 357 F.3d at 200 (internal quotation marks and brackets omitted), and because Harnage's complaint—liberally construed—substantially complies with Rule 8, we vacate the District Court's judgment insofar as it dismisses the amended complaint on this basis.[3]

---

[3] We are mindful that the District Court has already afforded Harnage an opportunity to amend his complaint and has twice provided advice for how to

## C.    Rule 20

Rule 20 permits joinder of multiple defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

We disagree with the District Court's conclusion that Harnage's complaint asserts more than one distinct claim against multiple defendants. The amended complaint alleges that the defendants' actions (or inaction) individually and cumulatively resulted in the denial of adequate medical care for Harnage's hemorrhoid condition prior to his first surgery. These allegations are thus sufficiently related to constitute a "series of transactions and occurrences." Moreover, the question of whether Harnage was denied proper medical care in violation of the Eighth Amendment is clearly a common question of

comply with Rule 8. But we do not agree with the District Court's conclusion that Harnage failed to comply with its prior orders. In its Initial Review Order, for example, the District Court took issue with the complaint's general references to the "MacDougall defendants" and the "UCONN defendants," explaining that these "general allegations are not sufficient to put any [individual] defendant on notice of the claims specifically asserted against him or her." *Harnage v. Lightner*, No. 3:16cv1576(AWT), Dkt. No. 7, at 4. In the amended complaint, by contrast, Harnage attempts to remedy this issue by specifically naming the medical staff members from whom he sought treatment for his condition. *See* Am. Compl. ¶¶ 25, 33, 44. Moreover, none of the District Court's prior guidance regarding Rule 8 gave the defendant notice that he would face dismissal with prejudice if he failed to specify the dates of the alleged omissions or acts perpetrated by the named defendants.

law, if not also fact, with respect to the named defendants. Thus, even though Harnage's allegations span several years and invoke several defendants, they all arise from the alleged failure of the named defendants to adequately treat Harnage's hemorrhoid condition before his first surgery.[4]

### D. Failure to State a Claim

The District Court correctly concluded that the amended complaint fails to allege any wrongdoing by three named defendants: Surgical Intern Shari, Dr. Wu, and Dr. Giles. Accordingly, we affirm the District Court's dismissal of the complaint as to those three defendants.

---

[4] The District Court overstates the degree to which the amended complaint exceeds its prescribed scope. *See* Ruling and Order, at 4. While paragraph 50 of Harnage's amended complaint does reference a second hemorrhoid surgery in early 2016, the remainder of his claims are plainly directed toward the inadequate treatment he received before his first surgery, between August 2012 and October 2014. *See* Am. Compl. ¶ 34 (claiming that he endured needless suffering for a period of "more than 24 months," *i.e.*, from August 2012 to October 2014). Read in context, the single reference to the 2016 surgery simply serves to underscore the gravity of Harnage's medical condition; it does not expand the scope of the complaint beyond the approximately 24-month period preceding his first hemorrhoid surgery.

### III. CONCLUSION

To summarize: We hold that Harnage's amended complaint substantially complies with Federal Rules of Civil Procedure 8 and 20. We agree, however, that the amended complaint fails to state a claim against Surgical Intern Shari, Dr. Wu, and Dr. Giles.

For the foregoing reasons, we **AFFIRM** the District Court's dismissal of Surgical Intern Shari, Dr. Wu, and Dr. Giles for failure to state a claim, and **VACATE AND REMAND** the remainder of the May 1, 2018 judgment for further proceedings consistent with this opinion.