BLD-008                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2074
_____

QUINTEZ TALLEY,

Appellant

v.

PA. DEPT. OF CORRECTIONS; MATIS, BAUM, O'CONNER, P.C;
CASSIDY L. NEAL; OFFICE OF ATTORNEY GENERAL;
KELI M. NEARY; BRUCE R. BEEMER; TIMOTHY MAZZOCCA;
ROBERT D. GILMORE; MICHAEL ZAKEN; WALLACE LEGGETT;
MCCOMBIE; SHELLY MANKEY; MARK DIALESANDRO; DANIEL CARO;
JOHN WETZEL; JOHN BURT; AMY ANKROM; DR. LUCAS MALISHCHAK,
CONNEY WETTGEN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-01685)
District Judge:  Honorable Nora B. Fischer

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 10, 2019

Before:  AMBRO, GREENAWAY, JR. and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 30, 2019)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Quintez Talley appeals from the order dismissing his complaint for failure to state a claim. Because this appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Talley is a prisoner incarcerated at State Correctional Institution Greene. He alleged that, over the course of discovery in a previous lawsuit (Talley v. Gilmore, W.D. Pa. Civ. No. 16-cv-01318) related to a change in his mental health stability classification, Appellees improperly disclosed his confidential medical records to the District Court. He claimed that his rights were violated under the First, Fourth, Fifth, and Fourteenth Amendments, the Racketeer Influenced and Corrupt Organization ("RICO") Act, and various state tort laws. Specifically, Talley asserted that Appellees acted unlawfully when they filed an appendix to their motions for summary judgment (the "Appendix"), which contained "over [180] pages of [Talley's] confidential communications with and/or made to licensed psychiatrists, psychologists, and clinical social workers in the course of psychotherapy." The Appendix included redacted copies of Talley's mental health records, a declaration from the prison's Psychological Services Specialist, and a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

psychological evaluation of Talley. Unredacted copies of these documents were filed separately under seal. Talley further alleged that Appellees fraudulently prepared a declaration, as well as unlawfully refused to provide him with requested copies of his own medical records.

Approving a Magistrate Judge's report and recommendation over Talley's objections, the District Court dismissed Talley's federal claims under 28 U.S.C §§ 1915(e)(2) and 1915A for failure to state a claim and denied him leave to amend his complaint. Following the dismissal of the federal claims, the District Court declined to exercise jurisdiction over Talley's state law claims.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's order dismissing the complaint under §§ 1915(e)(2) and 1915A. See Harnage v. Lightner, 916 F.3d 138, 140 (2d Cir. 2019) (per curium); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In reviewing a dismissal for failure to state a claim, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We review the District Court's decision to refrain from exercising supplemental jurisdiction over Talley's state law claims for an abuse of discretion. Bright v. Westmoreland Cty., 443 F.3d 276, 286 (3d Cir. 2006).

I.      Federal Law Claims

We agree with the District Court that Talley's complaint does not state a federal

claim. To begin with, Talley does not allege adequate facts to make out a First Amendment claim. To the extent that Talley's medical records do not belong to him and were never in his possession, his Fourth and Fifth Amendment claims must fail, as there could be no search, seizure, or taking. See, e.g., United States v. Miller, 425 U.S. 435, 440-43 (1976) (holding that a bank did not violate the Fourth Amendment by disclosing depositor's information because such information was the property of the bank).

Additionally, we agree with the District Court that Talley waived any Fourteenth Amendment privacy interest in his medical records when he filed the previous lawsuit. Stemming from the fundamental "individual interest in avoiding disclosure of personal matters," Whalen v. Roe, 429 U.S. 589, 598–600 (1977), this Court has recognized that medical records are protected under the federal privacy right. Scheetz v. The Morning Call, Inc., 946 F.2d 202, 206 (3d Cir. 1991); see also Doe v. Delie, 257 F.3d 309, 317 (3d Cir. 2001) (explaining that prison inmates retain a right to privacy in their medical records that may be limited by "legitimate penological interests") (quoting Turner v. Safely, 482 U.S. 78, 89 (1987)). However, there is no constitutional protection for materials disclosed in the absence of an individual's "reasonable expectations of confidentiality," Fraternal Order of Police, Lodge No. 5 v. City of Phila., 812 F.2d 105, 112 (3d Cir. 1987), and Talley waived any reasonable expectation of confidentiality when he filed the previous lawsuit. Appellees were compelled to disclose Talley's private medical information in direct response to his challenge to a change in his mental health stability classification.

4

Moreover, we have only found disclosure-based privacy violations where there was (1) actual disclosure of private information and (2) actual identification, or the risk of identification, of the person whose private matters were disclosed.  See Doe v. Se. Pa. Transp. Auth. (SEPTA), 72 F.3d 1133, 1138 (3d Cir. 1995); see also C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 180 (3d Cir. 2005) (identifying violative disclosures as those that "would allow the individual to be identified and ultimately connected to his or her private information").  Even assuming that Talley had a reasonable expectation of confidentiality in his medical records, his case does not present the kind of "disclosure" that raises constitutional concerns.  Talley described only the disclosure of information in the course of litigation to the District Court.  Moreover, Appellees took appropriate measures to safeguard the sensitive nature of the materials contained in their Appendix through the processes of redaction and sealing.  Finally, because Talley alone filed a lawsuit raising the issue of his mental health, further redacting the Appendix or restricting the number of documents filed would arguably have little effect on a reader's ability to identify him.[1]

The District Court also properly dismissed Talley's RICO claim.  In order for a private individual to state a viable RICO claim, the plaintiff must allege facts demonstrating that the defendants engaged in a "pattern of racketeering activity" and that

---

[1] Talley rightfully acknowledged that Federal Rule of Civil Procedure 5.2(a)(2) limits birthdate information to the year of a person's birth.  However, rules governing procedure in the federal courts do not give rise to a private cause of action.  See, e.g., Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 372 (9th Cir. 2005).

such activities proximately caused an injury to plaintiff's property or business. See 18 U.S.C. § 1962(c); Maio v. Aetna, Inc., 221 F.3d 472, 483 (3d Cir. 2000). Here, Talley conclusively alleged, without support, that Appellees "worked in cohesion" and through a "pattern of racketeering activity" to violate Talley's privacy. Because that undeveloped assertion falls short of alleging the requisite facts needed to state a plausible RICO claim, the District Court properly dismissed this claim.

Finally, the District Court did not err in its refusal to grant Talley leave to amend his complaint, as such amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

II.     State Law Claims

As Talley failed to state a claim regarding his federal causes of action, the District Court did not abuse its discretion in dismissing his state law claims for lack of supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 181 (3d Cir. 1999).

III.    Conclusion

In short, the District Court properly dismissed Talley's federal claims and declined to exercise jurisdiction over his state law claims. For the foregoing reasons, we conclude that the appeal presents no substantial question. We will affirm the judgment of the District Court.