NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1768
_____

TERRY SIMONTON, JR.,
                              Appellant

v.

MEGAN E. RYLAND-TANNER, Former Assistant
District Attorney for Lebanon County;
DAVID J. ARNOLD, JR., District Attorney for Lebanon County;
JAMES GRUMBINE, Former Detective for
Lebanon County District Attorney

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-19-cv-00528)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 19, 2020
Before:  RESTREPO, MATEY, and SCIRICA, Circuit Judges

(Opinion filed: December 15, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Terry Simonton, Jr., an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint for failure to state a claim. For the reasons that follow, we will summarily affirm the District Court's judgment.

Because we write primarily for the benefit of the parties, we recite only the relevant facts. Simonton's complaint asserted claims pursuant to 42 U.S.C. § 1983 for violations of his Fourteenth Amendment right to due process. He claimed that Detective Grumbine falsified credentials during his testimony at Simonton's criminal trial, and that Deputy District Attorney Ryland-Tanner both knew about the falsification when made and subsequently failed to correct it. Simonton asserted that this allegedly falsified testimony "allowed the jury to convict an innocent man." Simonton sought money damages in the amount of $250,000 from each defendant, "or if granted jury trial, . . . further damages in excess of five million dollars, ($5,000,000.00), based upon the color of state law negligence claims."[1]

Screening Simonton's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Magistrate Judge found that the complaint failed to state a claim on which relief could be granted, because Ryland-Tanner and Grumbine were immune from suit, and Simonton made no specific allegations of any kind against District Attorney Arnold. The Magistrate Judge granted Simonton leave to file an amended complaint, which he

---

[1] As the Magistrate Judge noted in her report, Simonton did not allege any state law negligence claims related to this latter relief. See R. & R. at 3 n.2, ECF No. 15.

2

did. The Magistrate Judge then recommended dismissing the amended complaint with prejudice because it failed to cure the defective claims, and any further amendment would be futile. The District Court adopted the Magistrate Judge's recommendation and dismissed the complaint with prejudice.[2] Simonton timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review dismissal pursuant to § 1915A under the same de novo standard of review that we apply to our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] We also review de novo legal determinations regarding immunity. See Dotzel v. Ashbridge, 438 F.3d 320, 324–25 (3d Cir. 2006). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that the complaint "fails to state a claim upon which relief can be granted [and] seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).[4] Section 1983 "provides that every person who

---

[2] In its order the District Court noted that because Simonton's complaint framed his entitlement to relief around his purportedly wrongful—yet still valid—conviction, the claims would also be barred by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Because there are independent grounds for dismissal with prejudice, we need not reach the question of whether the District Court was correct in this determination.

[3] See Harnage v. Lightner, 916 F.3d 138, 140–41 (2d Cir. 2019) (per curiam); DeMarco v. Davis, 914 F.3d 383, 386 (5th Cir. 2019); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) ("Our review of the District Court's sua sponte dismissal for failure to state a claim, which was authorized by 28 U.S.C. § 1915(e)(2)(B)(ii ) . . . , like that for dismissal under Fed. R. Civ. P. 12(b)(6), is plenary.").

[4] In his Objections to the Magistrate Judge's Report and Recommendation, Simonton devoted considerable space to the proposition that a court may not "develop arguments on behalf of a litigant," citing Pennsylvania state statutory provisions and case law. He contended that the Magistrate Judge erred by discussing immunity defenses before the

acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages." Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (internal quotation marks and alteration omitted). However, "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430–31). In assessing a § 1983 claim against a prosecutor, "courts must 'focus upon the functional nature of the activities rather than [the prosecutor's] status' to determine whether absolute immunity is warranted." Fogle v. Sokol, 957 F.3d 148, 159 (3d Cir. 2020) (alteration in original) (quoting Imbler, 424 U.S. at 430). Similarly, police officers who testify in criminal trials are protected by absolute witness immunity from suits under § 1983. See Briscoe v. LaHue, 460 U.S. 325, 326 (1983); see also Kulwicki v. Dawson, 969 F.2d 1454, 1467 (3d Cir. 1992) ("Witnesses who testify falsely at trial are similarly protected [by absolute immunity].").

Here, taking the allegations in Simonton's complaint as true, the District Court correctly held that Deputy District Attorney Ryland-Tanner and Detective Grumbine were shielded from suit by absolute prosecutorial immunity and witness immunity, respectively. The allegedly false testimony about Detective Grumbine's credentials as a sexual assault investigator occurred at trial, as the exhibits Simonton attached to his

---

defendants asserted them. Simonton fails to recognize that, as a prisoner proceeding in forma pauperis and seeking redress from a governmental officer in federal court, his complaint is subject to screening for dismissal, including on immunity grounds.

4

amended complaint indicate. The conduct of a trial and presentation of evidence are undeniably activities "intimately associated with the judicial phase of the criminal process," and therefore a prosecutor enjoys absolute immunity from suit based on those activities. Moreover, Detective Grumbine's testimony squarely falls within the witness immunity principles of the Supreme Court and this Court.

Simonton also lodged no specific allegations against District Attorney Arnold whatsoever, mentioning him only insofar as he was named as a defendant. "A defendant in a civil rights action must have personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Absent any allegation of District Attorney Arnold's personal involvement, Simonton's complaint fails to state a claim against him.

Lastly, we conclude that the District Court did not err by declining to give Simonton an opportunity to amend the complaint a second time to better support his claims. As the District Court explained, the flaws in Simonton's claims rendered any further attempt at amendment futile. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (explaining that a district court need not permit a curative amendment if such amendment would be futile).

For the foregoing reasons, Simonton's appeal fails to present any substantial question, and we will summarily affirm the District Court's order dismissing this action.