In the

# United States Court of Appeals

## For the Second Circuit

August Term, 2021

(Argued: January 10, 2022    Decided: October 28, 2022)

Docket No. 20-3591

JOAN HANSEN,

*Plaintiff-Appellant,*

–v.–

MATTHEW MILLER, RACHEL MILLER, STILLWELL ROAD INC.,
GILBERT L. BALANOFF, GILBERT L. BALANOFF, P.C., DOUGLAS M. LIEBERMAN,
MARKOTSIS & LIEBERMAN, P.C.,

*Defendants-Appellees.*

B e f o r e :

CARNEY, MENASHI, and PÉREZ, *Circuit Judges.*

Plaintiff-Appellant Joan Hansen appeals from a judgment of the United States District Court for the Eastern District of New York (Hurley, J.) granting defendants' motion to dismiss her complaint. *Hansen v. Miller*, No. 19-cv-04519, 2020 WL 5802289 (E.D.N.Y. Sept. 29, 2020). In relevant part, the district court found wanting her claims for fraud in the enforcement of a mortgage; fraud upon the court; collusion and deceit upon the court in violation of New York State Judiciary Law § 487; and negligence. It explained that it was precluded by the *Rooker-Feldman* doctrine from adjudicating all of Hansen's claims, and that, in any event, principles of res judicata and estoppel barred

her from pursuing these claims. On review, we conclude that the *Rooker-Feldman* doctrine does not require the dismissal of Hansen's claims; that res judicata does not bar her claims; and that collateral estoppel bars her fraud and negligence claims, but not her section 487 claim for deceit upon the court. We therefore affirm in part and vacate in part the district court's judgment, and remand the case for further proceedings.

Judge Menashi concurs in a separate opinion.

───────────

PAULA A. MILLER, Paula A. Miller, P.C., Smithtown, NY, *for Plaintiff-Appellant*.

BRIAN J. ISAAC, Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Steven Cohn, Alan S. Zigman, Law Office of Steven Cohn, PC, Carle Place, NY, *on the brief*), *for Defendants-Appellees Matthew Miller, Rachel Miller and Stillwell Road, Inc.*

NICOLE FEDER, L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville, NY, *for Defendants-Appellees Gilbert L. Balanoff and Gilbert L. Balanoff, P.C.*

MATTHEW K. FLANAGAN, Catalano, Gallardo, & Petropoulos, LLP, Jericho, NY, *for Defendants-Appellees Douglas M. Lieberman and Markotsis & Lieberman, P.C.*

───────────

CARNEY, *Circuit Judge*:

In 2013, Rachel Miller ("Rachel") initiated a New York state court foreclosure action against Stillwell Road, Inc. ("SRI"). In the foreclosure action, Rachel asserted her interests in a residential property in Laurel Hollow, New York (the "Property") under her recorded mortgage (the "Rachel Mortgage"). Foreclosure would eliminate Plaintiff-Appellant Joan Hansen's unrecorded security agreement and related interest in the Property. In time, the state court issued a foreclosure judgment in favor of Rachel. It

2

rejected Hansen's counterclaims, in which Hansen alleged that the Rachel Mortgage was invalid and unenforceable.

In 2019, Hansen initiated the present action against, *inter alia*, Douglas M. Lieberman, Esq.; Markotsis & Lieberman, P.C.; Gilbert L. Balanoff, Esq.; and Gilbert L. Balanoff, P.C. (the two individuals and the P.C.'s jointly, the "Attorney Defendants," and Balanoff and his P.C. together, the "Balanoff Defendants"). Hansen, in relevant part, brought claims for fraud in the enforcement of the Rachel Mortgage, fraud upon the court, collusion and deceit upon the court in violation of New York State Judiciary Law § 487,[1] and negligence. The district court dismissed Hansen's claims, explaining that in light of the prior state court judgment, the *Rooker-Feldman* doctrine precluded it from adjudicating her claims and that, in the alternative, principles of res judicata or collateral estoppel barred her from pursuing her claims. *Hansen v. Miller*, No. 19-cv-04519, 2020 WL 5802289 (E.D.N.Y. Sept. 29, 2020). Hansen then brought this appeal.

On review, we conclude that the *Rooker-Feldman* doctrine does not require the dismissal of Hansen's claims against the Attorney Defendants; that res judicata does not bar Hansen's claims against the Balanoff Defendants; and that collateral estoppel bars Hansen's fraud and negligence claims but not her claims against the Attorney Defendants under section 487. The judgment entered on September 30, 2020, is therefore AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this Opinion.

## BACKGROUND

In 2008, Joan Hansen made a $300,000 loan to her coworker, Matthew Miller ("Matthew"), through his company, SRI, in connection with his planned purchase,

---

[1] In relevant part, New York State Judiciary Law § 487 provides that an attorney who engages in "any deceit or collusion . . . with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor" and subject to treble damages in a civil action.

development, and resale of the Property. Matthew executed and delivered to Hansen a promissory note from SRI for $300,000 and secured by, among other things, an interest in the Property and its fixtures pursuant to an associated security agreement with SRI (the "Hansen Security Agreement"). The Hansen Security Agreement was never recorded.

Matthew then obtained an additional loan to SRI from a local bank (the "Bank Loan"). With the proceeds of Hansen's loan and the Bank Loan, Matthew purchased and developed the Property in 2008 and 2009, as planned. As time passed, however, he was unable to make the anticipated sale. In 2010, Matthew repaid the Bank Loan with his own funds. He then executed and delivered to Rachel, his wife, a new acquisition loan mortgage note for $400,500 and a new construction loan mortgage note for $1,234,222.86, creating, by virtue of the related Rachel Mortgage, a new lien on the Property. The Rachel Mortgage was recorded on April 22, 2013.

SRI defaulted on the Rachel Mortgage. In August 2013, Rachel, represented by Douglas M. Lieberman, Esq., initiated a state court action against SRI seeking to foreclose on the Property and to eliminate Hansen's unrecorded interest. SRI was represented in the foreclosure action by Gilbert L. Balanoff, Esq. During the foreclosure proceedings, Hansen asserted that the Rachel Mortgage was fraudulent and that her interest in the Property was superior to Rachel's.

Almost four years later, in June 2017, and following a seven-day bench trial, the state court issued a final foreclosure judgment in Rachel's favor. The state court justice who presided over the trial concluded in part that another state court justice—ruling at an earlier stage in the proceedings—had found the Rachel Mortgage to be valid. Accordingly, the state court justice addressing the issue in 2017 ruled, applying the law of the case doctrine, that the Rachel Mortgage was both valid and properly recorded. It

4

was therefore senior to Hansen's unrecorded security interest in the Property, and Hansen's interest was properly extinguished.[2]

Hansen initiated the present action in August 2019, asserting several causes of action sounding generally in fraud against the Millers, SRI, Lieberman, Balanoff, and the attorneys' respective firms. The district court dismissed her action in its entirety.

Hansen now appeals from the district court's dismissal of her New York state law claims against the Attorney Defendants. Those claims include fraud in the enforcement of the Rachel Mortgage, fraud upon the court, collusion and deceit on the court in violation of section 487, and negligence. She asserts that the district court erred in dismissing her claims for want of jurisdiction based on the *Rooker-Feldman* doctrine and that, in the alternative, it also erred in its application of principles of collateral estoppel and res judicata.

## DISCUSSION

### I.  The *Rooker-Feldman* doctrine does not require dismissal of Hansen's claims

We agree with Hansen that the *Rooker-Feldman* doctrine did not deprive the district court of jurisdiction over her damages claims against the Attorney Defendants and likewise that it does not preclude this Court from exercising jurisdiction over this appeal. The *Rooker-Feldman* doctrine prohibits federal courts from exercising jurisdiction over suits challenging final state court orders when doing so would "essentially amount to appeals of state court judgments." *Vossbrink v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker*

---

[2] Hansen then appealed both the state court's summary judgment ruling and the final judgment of foreclosure. While this appeal was pending, the state appeals court affirmed both prior rulings. *See Miller v. Stillwell Rd., Inc.*, 166 N.Y.S.3d 643 (App. Div. 2d Dep't 2022).

5

*v. Fid. Tr. Co.*, 263 U.S. 413 (1923).[3] Our Court has emphasized that the *Rooker-Feldman* doctrine bars district courts from exercising jurisdiction over otherwise properly adjudicated claims only if the plaintiff "complain[s] of injuries caused by a state court judgment." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). Accordingly, as we explained in *Vossbrinck v. Accredited Home Lenders, Inc.*, the doctrine generally does not affect a federal court's jurisdiction over claims for damages against third parties for alleged misconduct occurring in the course of a state court proceeding, because the adjudication of such claims would "not require the federal court to sit in review of the state court judgment." 773 F.3d at 427; *see also Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94–95 (2d Cir. 2015) (finding *Rooker-Feldman* inapplicable where plaintiff's claims "sp[oke] not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments"). Here, Hansen's claims against the Attorney Defendants for fraud in the procurement of the state court foreclosure judgment can be considered independently of the merits of that foreclosure judgment. The *Rooker-Feldman* doctrine therefore does not bar the federal district court from hearing these claims.

## II.    Res judicata does not bar Hansen's claims against the Balanoff Defendants

We also conclude that the doctrine of res judicata does not preclude Hansen from pursuing her claims against Balanoff and his firm in this action.[4] Res judicata bars litigation on a claim if an "earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their

---

[3] In quotations from caselaw and the parties' briefing, this opinion omits all quotation marks, alterations, and citations, unless otherwise noted.

[4] Unlike Balanoff, Lieberman did not urge dismissal on this ground in the district court, nor affirmance on this ground on appeal.

privies, and (4) involving the same cause of action." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021). We apply New York law of res judicata to claims brought under New York law. *See Ferris v. Cuevas*, 118 F.3d 122, 125–26 (2d Cir. 1997). New York takes "a pragmatic and flexible attitude toward claim preclusion, recognizing that the doctrine, if applied too rigidly, could work considerable injustice." *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111 (2021).

We conclude that Balanoff has not demonstrated that he and his firm stand in privity with SRI, as is required for him to raise a res judicata bar arising from the state foreclosure judgment against SRI. He asserts such privity based on his attorney-client relationship with SRI in that action. In support, he cites two federal court decisions applying New York law: *Ray Legal Consulting Grp. v. Gray*, 37 F. Supp. 3d 689, 701–02 (S.D.N.Y. 2014), and *Lipman v. Rodenbach*, 852 F. App'x 578, 581–82 (2d Cir. 2021) (summary order). But, unlike the circumstances presented in *Ray Legal* and *Lipman*, where the attorneys each had a personal interest in the subject of the earlier action, Balanoff did not have a cognizable personal interest in the subject of the state foreclosure action. Hansen's general and conclusory allegations that Balanoff and SRI "colluded" in bringing the state suit are insufficient to overcome that deficiency in Balanoff's claim; they too do not demonstrate the requisite privity. J.A. 31, 33.

### III. Collateral estoppel bars Hansen's fraud and negligence claims but not her claim under section 487

Finally, we determine that collateral estoppel bars Hansen from proceeding on her fraud and negligence claims against the Attorney Defendants but not her claims against them under New York Judiciary Law § 487.

The principle of collateral estoppel is that, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Schiro v. Farley*, 510 U.S. 222, 232

7

(1994); *see Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455 (1985). The party advocating for a court to apply collateral estoppel must show "that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party." *Buechel v. Bain*, 97 N.Y.2d 295, 303–04 (2001).

Hansen's fraud and negligence claims against the Attorney Defendants rest on her underlying allegations that the Rachel Mortgage was fraudulent or invalid. The state court decided against Hansen: it determined that the Rachel Mortgage was valid.

Hansen submits that the district court erred in barring her claims against the Attorney Defendants on this ground because, for purposes of collateral estoppel, there was no privity between the Attorney Defendants and their clients. In so arguing, however, she misunderstands the privity requirement for collateral estoppel: for collateral estoppel to act as a bar, the party *against* whom the issue was previously decided must be the same as or in privity with the party raising the issue in the present action. *See Buechel*, 97 N.Y.2d at 303–04. Here, Hansen is the party against whom the issue was decided. The Attorney Defendants need not be in privity with the state court parties to assert a collateral estoppel bar here.

Even so, we reject the Attorney Defendants' claim that collateral estoppel precludes Hansen from bringing her claims under section 487 against them. No bar applies because the merits of these claims do not depend entirely on a finding that the Rachel Mortgage was invalid. Whereas Hansen's fraud and negligence claims rest on her allegations that the Attorney Defendants made fraudulent representations that the Rachel Mortgage was valid, her section 487 claims are based on her allegations that the Attorney Defendants wrongfully "coached" Rachel "to testify that the funds utilized to fund the [Rachel] loan were her personal funds." J.A. 39 (Compl. ¶ 166).

Section 487 is "not a codification of common law fraud." *Bill Birds, Inc. v. Stein Law Firm, P.C.*, 35 N.Y.3d 173, 178 (2020). Rather, it "imposes liability for the making of

8

false statements with scienter." *Id.* Thus, the central question in a section 487 action is not "whether the court or party to whom the statement is made is actually misled by the attorney's intentional false statements" (as it is in a fraud claim), but rather whether the false statements were made "intentional[ly]." *Id.*; *Amalfitano v. Rosenberg*, 12 N.Y.3d 8, 14 (2009) (explaining that section 487 "focuses on the attorney's intent to deceive, not the deceit's success"). The fact that the state court concluded that the Rachel Mortgage was valid, therefore, does not bear on the question whether the Attorney Defendants intended to deceive by making allegedly false statements or coaching Rachel to do so. Under section 487, Hansen may, for example, seek attorneys' fees and other expenses that she incurred because of the allegedly fraudulent "coaching." Hansen may thus proceed on her section 487 claims to the extent that those claims do not dispute the validity of the Rachel Mortgage.

**CONCLUSION**

For these reasons, the judgment of the district court is **AFFIRMED IN PART** (as to the dismissal of Hansen's fraud and negligence claims against the Attorney Defendants) and **VACATED IN PART** (as to the dismissal of her claims under New York Judiciary Law § 487). The case is **REMANDED** for further proceedings consistent with this Opinion.

9

20-3591-cv
*Hansen v. Miller*

MENASHI, *Circuit Judge*, concurring:

The court correctly holds that *Rooker-Feldman* does not apply when a plaintiff seeks damages for misconduct committed in a state-court action. In such a situation, the plaintiff presents an "independent claim" because the fraud rather than the state-court judgment caused the plaintiff's alleged injuries. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (quoting *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)); *see also Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005) (noting that a suit is "barred by *Rooker-Feldman* only if it complains of injury from [a] state-court judgment and seeks review and rejection of that judgment, but not if it raises 'some independent claim'"). Such a claim does not invite review and rejection of the state-court judgment. "[C]laims that seek only damages for constitutional violations of third parties—not relief from the judgment of the state court—are permitted." *Behr v. Campbell*, 8 F.4th 1206, 1214 (11th Cir. 2021). I join the court's opinion in full.

I write separately to note that *Rooker-Feldman* does not bar Hansen's federal claims for another reason: the state court proceedings had not ended when Hansen filed her suit because an appeal remained pending in state court. Therefore, Hansen was not a "state-court loser[] complaining of injuries caused by [a] state-court judgment[] rendered before the district court proceedings commenced." *Saudi Basic Indus.*, 544 U.S. at 284.[1]

---

[1] During the pendency of this appeal, the state-court appeal was resolved. *Miller v. Stillwell Rd., Inc.*, 166 N.Y.S.3d 643 (2d Dep't 2022). But "federal courts have always assessed jurisdiction and evaluated the factual premises

Since the Supreme Court's decision in *Saudi Basic Industries*, every federal circuit court that has addressed the issue has held that *Rooker-Feldman* does not apply if a state-court appeal is pending when the federal suit is filed. *See Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022); *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 459-61 (3d Cir. 2019); *Parker v. Lyons*, 757 F.3d 701, 705-06 (7th Cir. 2014); *Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009); *Guttman v. Khalsa*, 446 F.3d 1027, 1032 & n.2 (10th Cir. 2006); *Dornheim v. Sholes*, 430 F.3d 919, 923-24 (8th Cir. 2005); *Mothershed v. Justices of the Sup. Ct.*, 410 F.3d 602, 604 n.1 (9th Cir. 2005); *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24-27 & n.13 (1st Cir. 2005).

I would "adopt the unanimous position of every other circuit court to address" the issue. *Butcher v. Wendt*, 975 F.3d 236, 246 (2d Cir. 2020) (Menashi, J., concurring in part and concurring in the judgment). *Rooker-Feldman* applies when "the losing party in state court filed suit in federal court *after the state proceedings ended*." *Saudi Basic Indus.*, 544 U.S. at 291 (emphasis added). "Proceedings end for *Rooker-Feldman* purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum." *Mothershed*, 410 F.3d at 604 n.1.

The Supreme Court has sought "to return *Rooker-Feldman* to its modest roots" but expansive interpretations of the doctrine continue to "interfer[e] with efforts to vindicate federal rights and mislead[]

for it … as of the moment the complaint was filed." *E.R. Squibb & Sons, Inc. v. Lloyd's & Companies*, 241 F.3d 154, 163 (2d Cir. 2001); *see also Saudi Basic Indus.*, 544 U.S. at 292 ("[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or a related question while the case remains *sub judice* in a federal court.").

2

federal courts into thinking they have no jurisdiction over cases Congress empowered them to decide." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 405 (6th Cir. 2020) (Sutton, J., concurring). *Rooker-Feldman* is not "a broad means of dismissing all claims related in one way or another to state court litigation," *Behr*, 8 F.4th at 1212, and I would further clarify the very narrow circumstances in which it applies.