NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHIKEZIE OTTAH,**
*Plaintiff-Appellant*

**v.**

**NATIONAL GRID,**
*Defendant-Appellee*

---

2023-1666

---

Appeal from the United States District Court for the Southern District of New York in No. 1:22-cv-02935-PAE-RWL, Judge Paul A. Engelmayer.

---

Decided:  December 12, 2023

---

CHIKEZIE OTTAH, Elmont, NY, pro se.

ARIEL ELAINE RONNEBURGER, Cullen and Dykman LLP, Uniondale, NY, for defendant-appellee.

---

Before DYK, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

Chikezie Ottah appeals a decision from the United States District Court for the Southern District of New York

dismissing his patent infringement claim as barred by claim preclusion. *Ottah v. Nat'l Grid*, No. 22 Civ. 2935, 2023 WL 1433667 (S.D.N.Y. Feb. 1, 2023). Because we agree that claim preclusion bars Mr. Ottah from bringing the same claim again, we *affirm*.

## BACKGROUND

U.S. Patent No. 7,152,840 ('840 patent), entitled "Book Holder," is directed to "a removable book holder assembly for use by a person in a protective or mobile structure such as a car seat, wheelchair, walker, or stroller." '840 patent col. 1 ll. 6–9. Before Mr. Ottah filed the suit underlying this appeal, on September 5, 2019, Mr. Ottah filed suit against National Grid in the Southern District of New York, alleging that National Grid's vehicular laptop mounting device infringed the '840 patent. *Ottah v. Nat'l Grid*, No. 19 Civ. 8289 (S.D.N.Y. May 19, 2020). In this earlier litigation, the district court granted National Grid's motion to dismiss for failure to state a claim and entered final judgment dismissing the case.

On April 8, 2022, Mr. Ottah filed the suit underlying this appeal, again in the Southern District of New York and again alleging that National Grid's vehicular laptop mounting device infringed the '840 patent. National Grid moved to dismiss on the grounds that Mr. Ottah lacked standing, could not plausibly state a claim for patent infringement because his claims were barred under claim preclusion (also referred to as res judicata), and was at least partially time-barred from pursuing monetary recovery. The district court granted National Grid's motion to dismiss on the basis of claim preclusion. *Ottah*, 2023 WL 1433667, at *2.

Mr. Ottah timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Whether a cause of action is barred by claim preclusion is a question of law that we review without deference.

*Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1052 (Fed. Cir. 2014). To determine whether claim preclusion bars a later lawsuit, we generally apply the law of the regional circuit in which the trial court resides, in this case the Second Circuit. *Id.* (citing *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008)). The Second Circuit has held that claim preclusion bars litigation on a claim if an "earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Hansen v. Miller*, 52 F.4th 96, 100–01 (2d Cir. 2022) (quoting *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021)). A "dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009); *see also* Fed. R. Civ. P. 41(b). Whether two claims of infringement constitute the same claim or cause of action is an issue particular to patent law and we apply our own law on that issue. *See Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001). For patent infringement cases, causes of action are the same if the accused products are "essentially the same" and "the same patents are involved in both suits." *In re Personal-Web Techs. LLC*, 961 F.3d 1365, 1375 (Fed. Cir. 2020).

The district court correctly concluded that the requirements for claim preclusion are satisfied here. First, the district court's decision granting National Grid's motion to dismiss in the earlier suit is a final judgment on the merits. *See Berrios*, 564 F.3d at 134. Second, there is no dispute that the district court is a court of competent jurisdiction. Third, both lawsuits involve the same parties: Mr. Ottah and National Grid.[1] Fourth, both lawsuits involve the

---

[1]    Mr. Ottah asserts that he was not a participant in the earlier litigation because he did not receive Magistrate Judge Lehrburger's report and recommendation from the court, but this is not the legal standard for the "same parties" prong of claim preclusion.

same claim, alleging infringement of the '840 patent by the same vehicular laptop mounting device.  Because Mr. Ottah's prior suit resulted in a final judgment on the merits by a court of competent jurisdiction, and both suits involve the same parties and claim, we agree with the district court that claim preclusion bars Mr. Ottah's suit underlying this appeal.

Even if Mr. Ottah had raised new arguments or infringement theories based on the '840 patent in the current litigation, an issue we need not—and do not—decide, he was still barred from bringing a second claim alleging infringement of the same patent accusing the same product. *See PersonalWeb*, 961 F.3d at 1375 ("Regardless of the number of substantive theories available . . . a party may not split a single claim into separate grounds of recovery and raise those separate grounds in successive lawsuits."). Claim preclusion bars any new arguments or theories relating to infringement of the '840 patent by National Grid's vehicular laptop mounting device.

## CONCLUSION

We have considered Mr. Ottah's remaining arguments and find them unpersuasive.  For the foregoing reasons, the district court properly concluded that Mr. Ottah's patent infringement claim was barred by claim preclusion. The district court's dismissal of Mr. Ottah's complaint is affirmed.

## AFFIRMED

### COSTS

No costs.