23-421-cv
Powell v. Ocwen Loan Servicing, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> GERARD E. LYNCH,
> BETH ROBINSON,
> *Circuit Judges.*

_____

Gary Powell, Gail Powell,

> *Plaintiffs-Appellants,*

> v.                                                                              23-421

Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, PHH Mortgage, DBA

**Newrez, Hinshaw & Culbertson, LLP,  
Does, 1-50,** [1]

*Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:        Gary Powell, Gail Powell, *pro se*, Wallingford, CT.

FOR DEFENDANTS-APPELLEES:        Marissa I. Delinks, Aaron A. Fredericks, Hinshaw & Culbertson LLP, Boston, MA.

Appeal from a judgment of the United States District Court for the District of Connecticut (Kari A. Dooley, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED** and **REMANDED IN PART**.

Because we write primarily for the parties, who are familiar with the history of this case, we recite only what is necessary to explain our decision. In 2018, a Connecticut state court entered a judgment of foreclosure on the Wallingford home of plaintiffs Gary and Gail Powell. In the years since, the Powells have brought a variety of state and federal challenges seeking to stave off the sale of

---

[1] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

their home—at least in part successfully, as the sale does not appear to have taken place yet.

In 2020, during the pendency of a prior federal lawsuit filed after the initial state judgment of foreclosure, the Powells claim they entered into a settlement agreement with their loan servicer, which was intended to end the state and federal litigation. Although the copy of the agreement provided by the Powells is heavily redacted, the agreement appears to be aimed at giving the Powells an opportunity to pay off their outstanding debt on more favorable terms.

The Powells filed this lawsuit in December 2021, alleging that the defendants—primarily, servicer PHH Mortgage, DBA Newrez ("PHH Mortgage")[2] and its law firm, Hinshaw & Culbertson LLP ("Hinshaw")—failed to perform under the settlement agreement. The Powells bring various state law claims, with their main count raising a breach-of-contract claim, and they seek enforcement of the agreement, declaratory relief, and awards of attorney's fees and damages.

The defendants moved to dismiss the complaint, primarily on the ground that the action was barred by the *Rooker-Feldman* doctrine. The district court

---

[2] We do not address the claims against defendant Ocwen Loan Servicing ("Ocwen") because PHH Mortgage is Ocwen's successor by merger.

agreed, first dismissing the claims against Hinshaw because it is not a party to the settlement agreement (and concluding that it was otherwise protected by litigation privilege) and then the remainder of the complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See Powell v. Ocwen Loan Servicing, LLC*, No. 3:21-cv-01605 (KAD), 2023 WL 2538127 (D. Conn. Mar. 16, 2023).

This appeal followed. We conduct *de novo* review of an order dismissing a complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. *Jaghory v. N.Y. Sate Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Because the Powells have been *pro se* throughout this federal litigation, we construe their submissions liberally and interpret them to raise the strongest arguments they suggest. *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023).

Given that the Powells do not challenge the district court's dismissal of Hinshaw from this case, we affirm that portion of the district court's judgment and deem the Powells' claims against Hinshaw abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual

4

arguments constitutes abandonment." (internal quotation marks and citation omitted)).

Because the Powells focus their appeal only on the district court's dismissal based on the *Rooker-Feldman* doctrine, we proceed to consider that issue as to the remaining defendants. "[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments" because 28 U.S.C. § 1257(a) vests federal appellate jurisdiction over state judgments exclusively in the United States Supreme Court. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). In this Circuit, an action is barred under *Rooker-Feldman* only if "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Hunter*, 75 F.4th at 68 (internal quotation marks and citation omitted).

We conclude that *Rooker-Feldman* does not prevent the exercise of federal jurisdiction in this case. The Powells do not seek direct review and rejection of the foreclosure judgment. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423,

427 (2d Cir. 2014). Instead, they allege nonperformance under a settlement agreement in which the defendants, having obtained a judgment, did not seek to immediately collect on it, and instead offered the Powells terms for retaining ownership of their home.

In effect, the Powells challenged the way in which the defendants chose to enforce (or not enforce) the foreclosure judgment they obtained in state court. *Cf. Bell v. New Jersey*, 461 U.S. 773, 779 (1983) (explaining that a judgment is generally not self-executing, and a party who secures a money judgment "may have to undertake further proceedings to collect the damages awarded"). The harm here flows from allegedly wrongful conduct in breaching a settlement agreement, not the foreclosure judgment itself. *See Sung Cho v. City of New York*, 910 F.3d 639, 647 (2d Cir. 2018) ("[T]he complaint attacks the conduct itself, and the claim does not function as a *de facto* appeal.") As we have explained, state-court losers may challenge a party's conduct in litigation that resulted in a foreclosure judgment if it does not require the federal court to "consider[] independently . . . the merits of that foreclosure judgment." *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022). The same is true of conduct in litigation that follows from a state court foreclosure judgement.

Our decision is narrow. We do not decide whether the Powells have a valid or plausible breach claim, or even whether the defendants are bound by the alleged settlement agreement. We express no opinion as to whether the Powells' breach of contract claims or claims for relief are subject to issue preclusion on the basis of state court rulings. We conclude only that jurisdiction to enforce this alleged settlement agreement, whether by awarding damages or compelling performance by PHH, is not barred by *Rooker-Feldman* simply because the settlement agreement was ancillary to a state court judgment.

Although *Rooker-Feldman* is not a bar to jurisdiction in this case, the federal courts may lack jurisdiction due to incomplete diversity. This Court has the "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[T]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (internal quotation marks and citation omitted).

The Powells did not satisfy this obligation. First, their complaint failed to plead that the amount in controversy "exceeds the sum or value of $75,000." 28

U.S.C. § 1332(a).  And, more crucially, the Powells did not set out a complete and accurate accounting of the defendants' citizenship.  They identified Hinshaw as a Massachusetts citizen, but a law partnership like Hinshaw's "has the citizenship of each of its partners" for the purposes of establishing diversity.  *Herrick*, 251 F.3d at 322.  Although we affirm Hinshaw's dismissal, the Powells have also not properly alleged the citizenship of PHH Mortgage, a corporation.  For the purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and its principal place of business.  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).  Here, the Powells have only alleged PHH Mortgage's principal place of business.  Accordingly, if the defendant is a citizen of Connecticut, the required complete diversity would be lacking because the Powells allege that they are citizens of Connecticut.  Because the factual record does not definitively establish or defeat diversity jurisdiction, we leave this question for the district court to decide.

We do not reach the remaining arguments in light of our disposition above. Accordingly, we **AFFIRM IN PART** and **VACATE** and **REMAND IN PART** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8