24-1527-cv
Weir v. Montefiore Medical Center

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Nicholas Weir,

> *Plaintiff-Appellant,*

> v.                                                                    24-1527

Montefiore Medical Center, Albert Einstein College of Medicine, Evripidis Gavathiotis, Anna Gartner, Littler Mendelson, P.C., Jean L. Schmidt, Emily C. Haigh,

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Nicholas Weir, pro se, East Meadows, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Emily C. Haigh, Littler Mendelson P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Nicholas Weir, *pro se*, sued his former employer, Montefiore Medical Center (Montefiore) and Albert Einstein College of Medicine (the College); two former co-workers, Dr. Evripidis Gavathiotis and Anna Gartner (the employee defendants); and Littler Mendelson P.C., Jean L. Schmidt, and Emily C. Haigh (the attorney defendants), the law firm and attorneys who represented the institutional defendants in prior federal and state court actions brought by Weir. *Sua sponte*, the district court dismissed Weir's claims with prejudice as barred by claim preclusion as to Montefiore, the College, and the employee defendants and barred by issue preclusion as to the attorney defendants. *See Weir v. Montefiore Med. Ctr.*,

_____

[*] The Clerk of Court is respectfully directed to amend the caption as indicated here.

No. 23 Civ. 4468 (KPF), 2023 WL 5747642 (S.D.N.Y. Sept. 6, 2023).  Weir moved for reconsideration twice, and the district court denied both motions.  Weir appealed the dismissal of the action and the denial of his first motion for reconsideration. We assume the parties' familiarity with the other relevant facts, the procedural history, and the issues on appeal.

I.      **Prior Actions**

In December 2016, Weir sued Montefiore and the College in federal court alleging employment discrimination, pay discrimination, retaliation, and hostile work environment, based on his race, color, and national origin.  He amended the complaint to include Yeshiva University as a defendant in July 2017.  The district court granted the defendants' motion to dismiss.  Weir appealed, and this Court dismissed the appeal as frivolous.  *Weir v. Montefiore Med. Ctr.*, No. 18-813, 2019 WL 4597606 (2d Cir. Jan. 24, 2019).

In April 2019, Weir filed a complaint in New York State court against Montefiore and the College, which he later amended, alleging retaliation, pay discrimination, employment discrimination, and hostile work environment under both the New York State Human Rights Law and the New York City Human Rights Law, based on essentially the same factual allegations as his dismissed federal court case.  A state trial court granted the defendants' motion for summary

judgment. *Weir v. Montefiore Med. Ctr.*, No. 42000/2020E, 2021 WL 7286472 (N.Y. Sup. Ct. Nov. 5, 2021). A state intermediate appellate court affirmed, *Weir v. Montefiore Med. Ctr.*, 175 N.Y.S.3d 498 (N.Y. App. Div. 1st Dep't 2022), and Weir was denied leave to appeal to the New York Court of Appeals, *Weir v. Montefiore Med. Ctr.*, 39 N.Y.3d 911 (2023).

## II.   Standard of Review

A district court has the power to *sua sponte* dismiss claims as claim or issue precluded. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (claim preclusion); *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (issue preclusion). And this Court reviews such dismissals *de novo*, *Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018), accepting "all of the facts alleged in the complaint as true and draw[ing] all inferences in the plaintiff's favor," *Harnage v. Lightner*, 916 F.3d 138, 140–41 (2d Cir. 2019) (quotation marks omitted).

## III.   Claim Preclusion

This Court applies "federal law in determining the preclusive effect of a federal judgment, and New York law in determining the preclusive effect of a New York State court judgment." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted). "Under both New York law and federal law, the

doctrine of *res judicata*, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Thus, claim preclusion bars re-litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

The district court properly dismissed Weir's claims against Montefiore, the College, and the employee defendants as claim precluded. First, the previous actions in federal and state court were adjudicated on the merits. A federal court's "dismissal for failure to state a claim is a final judgment on the merits and thus has [claim preclusive] effects." *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). And as to the state court judgment, a "grant of summary judgment, the procedural equivalent of a trial, results in a final judgment on the merits" for the purposes of claim preclusion. *Collins v. Bertram Yacht Corp.*, 42 N.Y.2d 1033, 1034 (1977) (cleaned up); *see Bayer v. City of N.Y.*, 983 N.Y.S.2d 61, 64 (N.Y. App. Div. 2d Dep't 2014).

Second, Montefiore and the College were defendants in the prior actions, and the employee defendants were in privity with Montefiore and the College. "It is well settled in this circuit that literal privity is not a requirement for [claim preclusion] to apply." *Monahan*, 214 F.3d at 285. For these purposes, privity extends to "a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995). Weir referred to both employee defendants, Evripidis Gavathiotis and Anna Gartner, by name in his complaints in the two prior actions. In the prior two actions, Weir alleged that Gavathiotis harassed him and told him he did not fit in and that Gartner, as a Human Resources employee at Montefiore, said she would look into the alleged harassment but instead participated in his firing. Gavathiotis and Gartner's conduct formed the basis of Weir's allegations against Montefiore and the College. This is sufficiently close relationship to justify preclusion.

Third and finally, Weir's claims either were or could have been raised in his prior two actions. For example, in his complaint in the instant case, Weir himself cites his state court complaint to support his assertion that the hospital defendants and employee defendants engaged in unlawful conduct. There is also no

indication Weir could not have named the employee defendants in his prior two lawsuits. Therefore, the district court was correct to conclude that claim preclusion bars Weir's claims against Montefiore, the College, and the employee defendants.

## IV. Issue Preclusion

Defensive issue preclusion is usually an affirmative defense that the defendant must raise, but in appropriate circumstances, district courts may *sua sponte* dismiss claims as issue precluded because of the "strong public policy in economizing the use of judicial resources by avoiding relitigation." *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998). For federal judgments, federal courts apply federal common law rules of issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). And for state court judgments, federal courts apply the "preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *see* 28 U.S.C. § 1738 (providing that state court judgments "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State.").

Under both federal common law and New York law, issue preclusion bars parties from relitigating an issue of fact or law when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in

the previous proceeding; (3) the party raising the issue had a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (cleaned up); *accord Conason v. Megan Holding, LLC*, 25 N.Y.3d 1, 17 (2015).

The district court properly dismissed Weir's claims against the attorney defendants as issue precluded. Except for his claim under New York Judiciary Law § 487, Weir's claims against the attorney defendants rely on the other defendants having discriminated or retaliated against him. Weir attempts to distinguish the issues by arguing that he has now brought constitutional claims, but even reading his complaint with the special solicitude owed to *pro se* filings, his only challenge to the conduct of the attorney defendants is that they knew about the other defendants' alleged discrimination and retaliation and prevented Weir from prevailing on his claims against them. *See Hansen v. Miller*, 52 F.4th 96, 101 (2d Cir. 2022) (holding issue preclusion bars "fraud and negligence claims against the Attorney Defendants" where such claims "rest on … underlying allegations" decided against plaintiff in earlier action.). Weir's allegations of employment discrimination were previously adjudicated on the merits twice, and did not survive Rule 12 dismissal in federal court or summary judgment in state

court. He does not otherwise explain how the attorney defendants violated his constitutional or civil rights.

As to Weir's claim under New York Judiciary Law § 487—that the attorney defendants responded late to his discovery demands, made false statements, and conspired to deceive the court—those issues were addressed in the state court's summary judgment decision when the court denied Weir's cross-motion to hold the attorneys in contempt and to sanction them, and to compel production of outstanding discovery. *See Weir*, 2021 WL 7286472 at *6–7. The Appellate Division's decision affirming the cross-motion's denial provided additional reasoning, holding that Weir "failed to identify frivolous conduct, merely asserting in conclusory fashion that his supervisor and defendants' attorneys improperly delayed discovery and proffered false statements" and that Weir's "deposition testimony demonstrated the absence of viable claims, and production of the requested documents would not uncover material and relevant information." *Weir*, 175 N.Y.S.3d at 501. The state trial and appellate courts reviewed and balanced the arguments as to these issues, and they were decided on the merits after Weir had a full and fair opportunity to litigate them. Because each of Weir's claims against the attorney defendants relies on issue precluded matters, the district court did not err in dismissing those claims *sua sponte*.

**V.      Order Denying Motion for Reconsideration**

We review orders denying reconsideration for abuse of discretion.  *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions."  *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (citations omitted).  "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority."  *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Weir has failed to identify any error of law, clearly erroneous finding of fact, or manifest injustice that results from the district court's decision.  Accordingly, the district court was well within its discretion to deny Weir's motion for reconsideration.

We have considered Weir's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court