24-2789-cv
*Almazon v. Town of Oyster Bay*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-five.

PRESENT:    José A. Cabranes,
            Gerard E. Lynch,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

Doina Rosu Almazon,

        *Plaintiff-Appellant*,

    v.                                          No. 24-2789-cv

Town of Oyster Bay,

        *Defendant-Appellee*,

Jamie Dimon, JPMorgan Chase Bank, N.A., John Doe 1 through 10, John Doe Corp. 1 through 10, Those people or those entity names being fictitious and unknown to Plaintiff,

        *Defendants*.[*]

_____

_____

[*]  The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Appellant*:        Michael Confusione, Hegge & Confusione, LLC, Mullica Hill, New Jersey.

*For Defendant-Appellee*:        Andrew K. Preston, Bee Ready Fishbein Hatter & Donovan LLP, Mineola, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Reyes, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Doina Rosu Almazon filed a *pro se* lawsuit under 42 U.S.C. § 1983 against the Town of Oyster Bay after the Town demolished her home pursuant to a state court demolition order. Almazon alleged that the Town violated her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and under New York law. The district court granted the Town's motion to dismiss each claim. The district court held that the *Rooker-Feldman* doctrine barred Almazon's claims and that Almazon failed to plausibly allege any claim against the Town under § 1983. The district court declined to exercise supplemental jurisdiction over Almazon's state law claims and denied her leave to amend her complaint. *See Almazon v. Town of Oyster Bay*, No. 23-CV-5583, 2024 WL 4649915 (E.D.N.Y. Sept. 26, 2024). Almazon appeals the dismissal of her federal claims and the denial of leave to amend. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I**

We review a district court's application of the *Rooker-Feldman* doctrine *de novo*. *See Hunter v. McMahon*, 75 F.4th 62, 66 (2d Cir. 2023). Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463

2

(2006). An action is barred under *Rooker-Feldman* only if "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Hunter*, 75 F.4th at 68 (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). "We employ that test while keeping in mind the Supreme Court's warning that courts must avoid extending *Rooker-Feldman* beyond the narrow circumstances in which it properly applies." *Id.* at 68-69.

The district court construed Almazon's complaint to raise the following federal claims: (1) violation of due process under the Fifth and Fourteenth Amendments; (2) violation of the Equal Protection Clause of the Fourteenth Amendment based on a selective enforcement theory; (3) violation of the Fourth Amendment right to be free from unlawful searches and seizures; and (4) violation of the Takings Clause of the Fifth Amendment. *See Almazon*, 2024 WL 4649915, at *3. To the extent that the claims directly sought review of the state court demolition order, *Rooker-Feldman* barred the claims. Almazon lost in state court, and she complained—at least in part—of injuries caused by that judgment, which was finally rendered before she commenced this proceeding.

Almazon raised some claims, however, that were not barred by *Rooker-Feldman*. We recently explained that *Rooker-Feldman* did not bar a selective enforcement claim because that claim "involve[d] alleged misconduct occurring in the course of a state court proceeding and the way in which the defendants chose to enforce the judgments they obtained in state court." *Banyai v. Town of Pawlet*, No. 23-1234, 2024 WL 1878742, at *2 (2d Cir. Apr. 30, 2024) (internal quotation marks, citation, and alteration omitted). We explained that "*Rooker-Feldman* does not generally bar claims against third parties for 'alleged misconduct occurring in the course of a state court proceeding,' even if the misconduct calls the state court judgment into question." *Id.* (quoting *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022)). In this case, the alleged injuries related to Almazon's selective enforcement claim flowed from the Town's actions in seeking and enforcing the demolition

3

order "rather than from the state court judgment[]" itself. *Id. Rooker-Feldman* therefore did not bar Almazon's selective enforcement claim.

The same is true of Almazon's procedural due process claim. "*Rooker-Feldman* does not apply to claims that 'speak not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments.'" *Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 22-1824, 2023 WL 3162125, at *3 (2d Cir. May 1, 2023) (quoting *Sykes v. Mel S. Harris & Assocs., LLC*, 780 F.3d 70, 94-95 (2d Cir. 2015)). Almazon alleged that she was denied due process because the Town misled the state court into believing that her house was dangerous. *Rooker-Feldman* does not bar such a claim "for damages against third parties for alleged misconduct occurring in the course of a state court proceeding, because the adjudication of such claims would 'not require the federal court to sit in review of the state court judgment.'" *Hansen*, 52 F.4th at 100 (quoting *Vossbrinck*, 773 F.3d at 427).

All told, Almazon's "equal protection and due process claims concern alleged discriminatory and arbitrary conduct that 'precede[d] [or occurred during] the state court proceeding,' so that conduct cannot have been produced by the proceeding." *Banyai*, 2024 WL 1878742, at *2 (quoting *Hunter*, 75 F.4th at 71). The district court therefore erred in concluding that *Rooker-Feldman* barred all of Almazon's claims.

## II

To the extent that *Rooker-Feldman* did not bar Almazon's claims, however, the district court correctly decided that Almazon failed to state a claim against the Town. "We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Schiebel v. Schoharie Ctr. Sch. Dist.*, 120 F.4th 1082, 1092 (2d Cir. 2024) (quoting *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "We construe complaints filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter*, 75 F.4th at 67 (internal quotation marks and alteration omitted). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

A municipality may be held liable under § 1983 when, "as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To prevail on a selective enforcement claim, Almazon needed to show that (1) "compared with others similarly situated, [she] was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations." *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019) (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995)). Almazon did not identify any similarly situated individuals whom the Town treated differently or provide other plausible allegations that could establish the Town's basis for its purportedly selective treatment. Beyond conclusory allegations that the Town singled her out, Almazon alleged that (1) the Town had a policy of using unlicensed asbestos contractors and uncertified workers for demolitions, and (2) the Town demolished twenty-five other homes. Neither allegation provides a sufficient factual basis for a selective enforcement claim. To the contrary, the allegation that the Town demolished twenty-five other homes suggests that the Town did not impermissibly single her out.

The procedural due process claim fares no better. "The essence of due process is the requirement that 'a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it.'" *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (alteration omitted) (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 171-72 (1951) (Frankfurter, J., concurring)). Almazon received a full opportunity to litigate this case in state court for more than a year.

Even after the state court issued the demolition order, Almazon had four months to bring her home into compliance with the Town Code. Her claim that this process was constitutionally insufficient because the Town misled the state court relies on speculation rather than plausible factual allegations. As a result, Almazon has not plausibly alleged that "she was deprived of an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988) (internal quotation marks and alterations omitted).

Because we conclude that Almazon's federal claims were properly dismissed either pursuant to *Rooker-Feldman* or for failure to state a claim, we need not address the Town's additional argument that collateral estoppel also requires us to affirm the judgment. *See* Appellee's Br. 20-22.

### III

The district court did not err by denying Almazon leave to amend the complaint. "We generally review a district court's denial of leave to amend for abuse of discretion, keeping in mind that leave to amend should be freely granted when justice so requires." *Thea v. Kleinhandler*, 807 F.3d 492, 496 (2d Cir. 2015) (internal quotation marks omitted).

The district court did not abuse its discretion here. As the district court explained, Almazon has filed three actions concerning the demolition of her home, and each action has been dismissed. "Almazon has vigorously litigated this case since 2021," and yet "she has not corrected any pleading deficiencies despite filing (and losing) several lawsuits." *Almazon*, 2024 WL 4649915, at *7. Even now on appeal, Almazon has not explained how she would amend her complaint. "A plaintiff need not be given leave to amend if [the plaintiff] fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in [the] complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *see also Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) ("[D]enial of leave to amend is proper 'where the request gives

6

no clue as to how the complaint's defects would be cured.'") (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). We agree with the district court that "there is no doubt that granting Ms. Almazon leave to amend would be unproductive." *Almazon*, 2024 WL 4649915, at *7.

*     *     *

We have considered Almazon's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court